UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA HOUSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-0420** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY** | **SECTION: "D" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees and Costs (R. Doc. 15)** filed by the Defendant, State Farm Fire and Casualty Company ("State Farm") in compliance with this Court's Order (R. Doc. 14) granting State Farm's Motion to Compel Discovery (R. Doc. 11). The motion is unopposed. The motion was heard on the briefs on Wednesday, February 24, 2010.

### I.   Factual Summary

The Plaintiff, Cynthia Houston ("Houston") failed to respond to Interrogatories and Requests for Production of Documents propounded by State Farm in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34. As a result, State Farm filed a Motion to Compel Discovery (R. Doc. 11), which was granted by the undersigned on January 21, 2010 (R. Doc. 14). The Court ordered the award of attorney's fees and costs in connection with Houston's failure to comply. State Farm now seeks an award of $199.50 in attorney's fees and costs.

State Farm filed a **Motion To Fix Attorney's Fees and Costs** (**R. Doc. 15)** and attached an affidavit by its lead counsel, Charles L. Chassaignac, IV ("Chassaignac"). Chassaignac appended

a time report, which details the contemporaneous billing entries for the legal services rendered.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

### III. Analysis

#### A. Calculating a Reasonable Hourly Rate

State Farm's fee application seeks to recover fees for services rendered in connection with an earlier filed Motion to Compel. In his affidavit, State Farm's counsel Chassaignac certifies that he graduated from Louisiana State University Law Center in 1991 and has been practicing law for 19 years. (R. Doc. 15-2, ¶¶ 4-5, Aff. of Charles L. Chassaignac, IV.) The appended time report indicates that Chassaignac's hourly billing rate on this file is $165.00 per hour. (R. Doc. 15-4, p. 4.) The appended time report also indicated that an unnamed law clerk spent 1.3 hours working on the motion at a rate of $90.00 per hour. (R. Doc. 15-4, pp. 2, 4.) However, State Farm provided no further information about the law clerk's skills or experience.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity

of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Mr. Chassaignac's rate of $165.00 is reasonable given his nineteen years of experience. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $165.00 is appropriate and reasonable for Chassaignac's work on the motion.

State Farm gave no information regarding the law clerk other than his or her billing rate and the number of hours worked on the file. Although it is appropriate to seek fees for a law clerk's work on a file, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates." *Cater v. Fidelity Nat'l Ins. Co.*, No. 07-

4

4619, 2009 WL 35342, at *2 (E.D. La. Jan. 6, 2009) (Roby, J.) (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). Here, State Farm provided no information about the law clerk, which prevents the Court from determining whether the rate charged is reasonable. *Compare id.* (noting that the law clerk's resume was submitted in lieu of an affidavit and analyzing the reasonableness of the fees based on the information adduced in the resume). Accordingly, the Court is unable to award fees for the law clerk's work on the motion.

### B. Determining the Reasonable Hours Expended

State Farm indicates that Chassaignac spent .5 hours in preparing the subject Motion. (R. Doc. 15-4, p 4.) The Court finds that the hours sought for the subject motion are reasonable.[2] Accordingly, State Farm is awarded $82.50 in fees for the subject motion.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

---

[2]As noted above, the Court cannot award fees for the 1.3 hours of work completed by the law clerk on the file because State Farm produced no information about the law clerk's skills, experience, or reputation.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that State Farm Fire and Casualty Company's **Motion to Fix Attorney's Fees and Costs (R. Doc. 15)** is hereby **GRANTED**. The Court finds that a total fee of **$82.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Houston shall satisfy this obligation to State Farm no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 4th day of March 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**